UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN L. EPPS,                  :  |  |
|     Plaintiff,      :  |  |
| :  |  |
| v.           :  | 3:07-cv-32 (WWE) |
| :  |  |
| EDWARD RANDANO, ANGEL GONZALES,   :  |  |
| DAVID RODRIGUES, SEAN BOGER,   :  |  |
| CHARLES MORAN and STAMFORD   :  |  |
| POLICE DEPARTMENT,    :  |  |
|     Defendants.     :  |  |

## **RULING ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff Kevin L. Epps commenced this action under 28 U.S.C. § 1983 challenging his conviction, after a jury trial, on charges of Assault in the First Degree and Kidnaping in the First Degree in Connecticut state court.  Defendants move to dismiss plaintiff's complaint arguing that section 1983 does not support a claim for damages for an unconstitutional imprisonment where the result of the Court's judgment would be the invalidation of plaintiff's conviction.  For the reasons that follow, defendants' motion will be granted.

### BACKGROUND

For purposes of ruling on this motion to dismiss, the Court accepts all allegations of the complaint as true.

Plaintiff's complaint alleges various improprieties by defendants in the investigation and prosecution of the crimes that plaintiff committed.  Plaintiff claims that defendants planted and fabricated evidence, tainted evidence to be used at trial and made false and/or misleading statements to the jury at trial.

Plaintiff was found guilty by a jury of Assault in the First Degree and Kidnaping in

1

the First Degree. His conviction was affirmed by the Appellate Court on December 25, 2007. See State v. Epps, 105 Conn. App. 84 (2007). The Connecticut Supreme Court denied certification for appeal on February 28, 2008. See State v. Epps, 286 Conn. 903 (2008). Plaintiff has filed a petition for habeas corpus in the Connecticut Superior Court. See Epps v. Warden, State Prison, TSR-CV-06-4001167-S.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007) (applying flexible "plausibility standard" to Rule 8 pleading), cert. granted, 128 S. Ct. 2931 (2008).

Defendants' motion relies on the Supreme Court's opinion in Heck v. Humphrey. In Heck, the Supreme Court faced a situation similar to plaintiff's. Heck, as petitioner, had been convicted of voluntary manslaughter in Indiana state court. While in prison, Heck filed suit under section 1983 against the prosecutors and investigators in his case

alleging that they had committed various improprieties related to the evidence in his trial. The Supreme Court affirmed the dismissal of Heck's case, holding that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. 477, 486-487 (1994). The Court instructed district courts reviewing claims such as Heck's to analyze whether it would be possible to award damages without upsetting the challenged conviction. If it would not be possible to award damages, dismissal of plaintiff's complaint would be necessary. Id. at 487.

Plaintiff's allegations, if proved, would necessitate the reversal of plaintiff's conviction. Therefore, pursuant to Heck, the Court will dismiss plaintiff's complaint. Plaintiff must utilize the habeas corpus process to assert his claims. See Zarro v. Spitzer, 274 Fed. Appx. 31, 34 (2d Cir. 2008).

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (Doc. #14) is GRANTED. The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 24th day of March, 2009.

                                          /s/
                                        Warren W. Eginton
                                        Senior United States District Judge